HAAS LAW P.S.
506 Second Avenue, Suite 1400
Seattle, Washington 98104
Telephone: (206)853-3379
Facsimile: (866)621-0193

Attorneys for Plaintiff
Rabbit Hole Records LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RABBIT HOLE RECORDS, LLC, a Washington State corporation,

　　　　　Plaintiff,

v.

RABBIT HOLE RECORDS, INC., a Pennsylvania corporation, TOMMY MEDLEY, and AMBER KUNSELMAN,

　　　　　Defendants.

No. 2:16-cv-1513

**COMPLAINT**

**JURY DEMAND**

Plaintiff Rabbit Hole Records, LLC hereby alleges as follows:

**I.     PARTIES**

1.     Plaintiff Rabbit Hole Records, LLC is a Washington corporation with principal offices located in Tukwila, Washington.

2.     Defendant Rabbit Hole Records, Inc. is a Pennsylvania corporation with principal offices located in Greensburg, Pennsylvania.

COMPLAINT - 1

3. Defendant Tommy Medley ("Medley") is, on information and belief, a resident of Greensburg, Pennsylvania. Upon information and belief, Medley is an owner of Rabbit Hole Records, Inc.

4. Defendant Amber Kunselman ("Kunselman") is, on information and belief, a resident of Greensburg, Pennsylvania. Upon information and belief, Kunselman is an owner of Rabbit Hole Records, Inc.

5. Plaintiff is informed and believes, and on that basis alleges, that each defendant conspired and acted in concert with each other to commit the wrongs against Plaintiff alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos and/or partners of each other. Plaintiff is further informed and believes, and on that basis alleges, that in doing the things alleged in this Complaint, each defendant was acting within the scope of authority conferred upon that defendant by the consent, approval and/or ratification of the other defendants, whether said authority was actual or apparent.

## II.   JURISDICTION AND VENUE

6. Plaintiff brings this action for injunctive relief and damages for, *inter alia*, federal trademark infringement, false designation of origin, false representation, false endorsement, (15 U.S.C. §§ 1114 & 1125(a)), and Washington State common law regarding trade name infringement. This Court has subject matter jurisdiction over the federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the claims alleging violations of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). Jurisdiction is also proper as the parties are diverse and the amount in controversy exceeds the jurisdictional amount.

COMPLAINT - 2

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Plaintiff's principal place of business is located within the venue of this Court, and Defendants conduct their business nationwide including within the venue of this Court.

8. In addition, on information and belief, Defendants have sold and continue to sell their products bearing trademarks confusingly similar to Plaintiff's trademark to businesses and individuals in Washington. Accordingly, this District is a district where the infringement and other wrongful acts alleged herein occurred. Consequently, Defendants have, in addition to violating Plaintiff's federal rights, violated rights afforded to Plaintiff under Washington law and have subjected themselves to Washington law, Washington jurisdiction and to Washington as a venue.

### III.   FACTS

*Plaintiff's Business*

9. Since at least as early as 2012, Plaintiff's predecessor-in-interest, Adam Halsell ("Halsell"), engaged in selling media, namely music records, CDs, movies and collectibles under the trademark RABBIT HOLE RECORDS.

10. On November 30, 2015, Halsell created a limited liability company, Rabbit Hole Records LLC. Halsell assigned his ownership of the RABBIT HOLE RECORDS mark along with the associated goodwill to Plaintiff. The RABBIT HOLE RECORDS mark has been and is presently used in interstate commerce by Plaintiff.

11. Plaintiff has a significant common law interest and rights in and to the term RABBIT HOLE RECORDS as a trademark for selling media. The RABBIT HOLE RECORDS has been in continuous use by Plaintiff in interstate commerce for almost four (4) years.

COMPLAINT - 3

HAAS LAW, P.S.
506 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206)853-3379
Facsimile: (866)621-0193

12. Plaintiff is the owner of Federal Trademark Registration No. 5,021,027 on the Principal Register for the mark Rabbit Hole Records for use in connection with "retail store services featuring media, namely, music records, CDs, movies and collectibles" in Int. Class 35, with a date of first use in commerce at least as early as December 31, 2012. A true and correct copy of Registration No. 5,021,027 is attached hereto as Exhibit A.

13. Plaintiff also has significant common law interests and rights in the RABBIT HOLE RECORDS mark.

14. Plaintiff has spent significant funds advertising and promoting the RABBIT HOLE RECORDS mark.

15. As a direct result of the considerable time, effort, and money spent on and invested in advertising and promoting the RABBIT HOLE RECORDS mark, and the widespread use in interstate commerce by Plaintiff, the RABBIT HOLE RECORDS mark has acquired extensive goodwill, has developed a high degree of distinctiveness, and is well known and recognized as identifying high quality goods which have their origin with Plaintiff.

### *Defendant's Business*

16. Upon information and belief, Defendant operates a retail business selling media, including music records. Defendants sells the aforementioned goods nationwide from a brick-and-mortar store and online via Discogs.com.

### *Defendants' Infringement of Plaintiff's Rights*

17. Upon information and belief, Defendants began using the RABBIT HOLE RECORDS mark to sell music records and other media in or around April 2015. Since April 2015, Defendants

COMPLAINT - 4

HAAS LAW, P.S.
506 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206)853-3379
Facsimile: (866)621-0193

have sold at least forty-six (46) music records or other media using the RABBIT HOLE RECORDS mark.

18. Defendants have continued to sell their goods using the RABBIT HOLE RECORDS mark despite Plaintiff's federal registration of the RABBIT HOLE RECORDS mark.

### IV.   FIRST CAUSE OF ACTION
### Federal Trademark Infringement

19. Plaintiff incorporates by reference all of the facts stated in Paragraphs 1 through 18 of this Complaint as if fully rewritten herein.

20. Defendants' use of the RABBIT HOLE RECORD mark in interstate commerce in connection with the provision of Defendants' goods is likely to continue to cause confusion, mistake, and/or deceive as to the source, origin, affiliation or sponsorship of those goods.

21. Defendants' use of the RABBIT HOLE RECORDS mark in interstate commerce in connection with Defendants' goods constitutes infringement of the RABBIT HOLE RECORDS trademark and Plaintiff's rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C § 1114(1).

22. Upon information and belief, Defendants' acts of infringement are and have been deliberate, intentional and willful and have been committed with full knowledge of Plaintiff's rights in the RABBIT HOLE RECORDS trademark.

### V.   SECOND CAUSE OF ACTION
### False Designation of Origin Under Section 43(a) of the Lanham Act

23. Plaintiff incorporates by reference all of the facts stated in Paragraphs 1 through 18 of this Complaint as if fully rewritten therein.

24. Defendants' use of the RABBIT HOLE RECORDS in connection with Defendants' products is a false description and representation that the goods provided by Defendants have the same

COMPLAINT - 5

HAAS LAW, P.S.
506 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206)853-3379
Facsimile: (866)621-0193

1  source or origin as those of Plaintiff, or that they are sponsored or approved by Plaintiff, or that

2  Defendants' products are affiliated, connected, or associated with Plaintiff.

3      25. Defendants' use of the RABBIT HOLE RECORDS mark in interstate commerce

4  constitutes a false designation of origin and a false and misleading description of fact, tending to

5  falsely describe or represent such goods, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §

6  1125(a).

7      26. On information and belief, Defendants' false designation of origin and false or

8  misleading descriptions of fact have been willful and have been committed with full knowledge of

9  Plaintiff's use of, registration for, and rights in the Plaintiff's mark.

10      27. Plaintiff has been and will continue to be injured as a result of the foregoing acts by

11  lessening of the goodwill that Plaintiff's goods enjoy with the buying public and by damages to

12  Plaintiff's reputation in the industry.

13      28. Defendants, by their aforesaid acts, have damaged Plaintiff and unlawfully derived

14  profits and gains.

15      29. By reason of the aforesaid false designation of origin and false or misleading

16  descriptions of Defendants has caused and will continue to cause substantial, immediate, and

17  irreparable harm to Plaintiff and to the public, for which there is no adequate remedy at law.

18  Defendants have unjustifiably benefitted from said unlawful acts and will continue to carry out such

19  unlawful conduct and be unjustly enriched unless enjoined by this Court.

COMPLAINT - 6

HAAS LAW, P.S.
506 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206)853-3379
Facsimile: (866)621-0193

## VI.   THIRD CAUSE CAUSE OF ACTION
**Violation of Washington Consumer Protection Act, Chapter 19.86 RCW**

30. Plaintiff incorporates by reference all of the facts stated in Paragraphs 1 through 18 of this Complaint as is fully rewritten herein.

31. Defendants' activities constitute unfair or deceptive trade practices or acts within the meaning of Washington's Consumer Protection Act, chapter 19.86 RCW.

32. Specifically, Defendants' foregoing activities constitute unfair or deceptive acts or practices in the conduct of trade or commerce within the meaning of RCW 19.86.020.

33. Plaintiff has been injured as a result of Defendants' unlawful and unauthorized business practices by lessening of the goodwill that Plaintiff's products have with the buying public.

34. As a result of Defendants' unlawful and unauthorized deceptive trade practices, Defendants have caused and will continue to cause substantial and irreparable harm and injury to Plaintiff and to the public for which there is no adequate remedy at law. Defendants have unjustifiably benefitted from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## VII.   FOURTH CAUSE OF ACTION
**Trademark Infringement and Unfair Competition Under Washington Common Law**

35. Plaintiff incorporates by reference all of the facts stated in Paragraphs 1 through 18 of this Complaint as if fully rewritten herein.

36. Plaintiff has longstanding common law trademark rights in the RABBIT HOLE RECORDS mark.

37. The aforesaid conduct of Defendants constitutes trademark infringement and unfair competition under the common law of the State of Washington.

COMPLAINT - 7

HAAS LAW, P.S.
506 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone:  (206)853-3379
Facsimile:  (866)621-0193

38. On information and belief, Defendants' acts of common law trademark infringement and unfair compensation have been willful.

39. Plaintiff has been injured as a result of the foregoing acts by causing Plaintiff to lose sales or by lessening the goodwill that Plaintiff's respective products enjoy with with the buying public.

40. As a result of Defendants' acts of unfair competition, Defendants have caused and will continue to cause substantial and irreparable harm to Plaintiff and to the public for which there is no adequate remedy at law. Defendants have unjustifiably benefitted from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in its favor as follows:

A. That Defendants be adjudged to have infringed Plaintiff's RABBIT HOLE RECORDS mark in violation of Lanham Act § 32(1), 15 U.S.C. § 1114(1);

B. That Defendants be adjudged to have willfully infringed the RABBIT HOLE RECORDS trademark, with full knowledge of Plaintiff's prior use of and rights in its RABBIT HOLE RECORDS trademark;

C. That Defendants be adjudged to have used a false designation of origin, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(A), and caused false or misleading statements of fact to enter into interstate commerce, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(B);

D. That Defendants be adjudged to have committed unfair practices in trade or commerce and unfair methods of competition that are contrary to the public interest, thereby violating RCW 19.86.020 of Washington's Consumer Protection Act;

COMPLAINT - 8

HAAS LAW, P.S.
506 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206)853-3379
Facsimile: (866)621-0193

1  E. That Defendants be adjudged to have committed these deceptive trade practices willfully and with knowledge that they would be deceptive;

F. That Defendants be adjudged to have engaged in common law trademark infringement and unfair competition under Washington law;

G. That, pursuant to 15 U.S.C. § 1116 and RCW 19.86.095, the Court preliminarily and permanently enjoin Defendants, their agents, employees, attorneys and all persons in active concert or participation with them, from directly or indirectly using the RABBIT HOLE RECORDS trademark, or any other mark, trade name, word or name similar to the foregoing trademarks that is likely to cause confusion, mistake, or to deceive, including, without limitation, by further selling music records and other media under such mark and/or by publishing false or misleading statements in connection with such products;

H. That Defendants be required, pursuant to 15 U.S.C. § 1118, to deliver up and destroy all packaging, labels, signs, brochures, advertisements, promotional items, and any other media, documents or things in the possession, custody, or control of Defendants bearing the RABBIT HOLE RECORDS trademark, and all means of making same;

I. That Defendants be required, pursuant to 15 U.S.C. § 1117(a) and RCW 19.86.090, to pay Plaintiff the actual damages Plaintiff has suffered as a result of Defendants' trademark infringement and deceptive practices and disgorge any profits therefrom, and that Defendants be required, pursuant to 15 U.S.C. § 1117(b) and RCW 19.86.090, to pay Plaintiff three times the amount of actual damages or profits suffered by Plaintiff by virtue of the willful nature of Defendants' illegal acts;

COMPLAINT - 9

HAAS LAW, P.S.
506 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206)853-3379
Facsimile: (866)621-0193

J.  That, pursuant to RCW 19.86.090, the Court award Plaintiff its attorneys' fees by virtue of Defendants' willful engagement in deceptive practices knowing these practices to be deceptive, or alternatively, pursuant to 15 U.S.C. § 1117(a), that the Court declare this an exceptional case and award Plaintiff its reasonable attorneys' fees;

K.  That, pursuant to RCW 19.86.090 and/or 15 U.S.C. § 117(a), the Court award the full costs of this action and interest to Plaintiff; and

L.  That the Court grant such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff Rabbit Hole Records LLC demands a jury trial pursuant to Fed. R. Civ. P. 38 as to all issues so triable in this action.

Dated:  September 27, 2016

**HAAS LAW, P.S.**

By:  /s/ Philip A. Haas  
Philip A. Haas, WSBA No. 46959  
Attorney for Plaintiff  
506 Second Avenue, Suite 1400  
Seattle, WA 98104  
Phone:  (206)853-3379  
Facsimile:  (866)621-0193  
phil@haasattorneys.com  
Attorneys for Plaintiff

COMPLAINT - 10

**HAAS LAW**  EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# Rabbit Hole Records

Reg. No. 5,021,027

Registered Aug. 16, 2016

Int. Cl.: 35

**Service Mark**

**Principal Register**

RABBIT HOLE RECORDS LLC (WASHINGTON LIMITED LIABILITY COMPANY)
#18
14893 INTERURBAN S.
TUKWILA, WA 98168

CLASS 35: Retail store services featuring media, namely, music records, CDs, movies and collectibles

FIRST USE 9-28-2012; IN COMMERCE 12-31-2012

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR.

No claim is made to the exclusive right to use the following apart from the mark as shown: "RECORDS"

SER. NO. 86-841,003, FILED 12-07-2015

KERI H CANTONE, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office